**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*
3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
treyd@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Lopez, a married man,<br><br>Plaintiff,<br><br>vs.<br><br>Metro Fitness, Inc., a Arizona Corporation<br><br>Defendants. | **No.:**<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

This is an action for violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.

## NATURE OF THE CASE

1. Plaintiff Ronald Lopez was discriminated against on the basis of his age and wrongfully retaliated against and terminated in violation of the ADEA.

2. All conditions precedent to jurisdiction under the ADEA have been met, to wit: Plaintiff, Ronald Lopez ("Plaintiff" or "Mr. Lopez") timely filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

Plaintiff has brought this lawsuit within 90 days of receiving a Notice of Right to Sue on September 4, 2015.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 29 U.S.C. §§ 626(c), 633 of the ADEA and 28 U.S.C. § 1331.

4. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Pima County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

5. Venue is proper under 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to the claims occurred in this District.

6. On August 27, 2012, Plaintiff timely filed his initial charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), charge No. 540-2012-03231, alleging, *inter alia*, age discrimination and retaliation.

7. On, January 21, 2013, Plaintiff timely filed his second charge of discrimination and retaliation with the EEOC, charge No. 540-2013-00831.

8. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADEA.

## PARTIES

9. Plaintiff is a married man residing in Pima County, Arizona.

10. At all relevant times, Plaintiff was an "employee" within the meaning of the

ADEA, 29 U.S.C. § 630(f).

11. At all relevant times, Mr. Lopez was over 40 years of age and thus is protected under the ADEA, 29 U.S.C. § 631.

12. At the time of his termination, Mr. Lopez was employed as a fitness consultant for Metro Fitness, Inc.

13. Metro Fitness, Inc. ("Metro Fitness") is incorporated in the State of Arizona, having its principal place of business at 7315 North Oracle Road, #203, Tucson, Arizona 85704.

14. At all relevant times Metro Fitness was Plaintiff's "employer" within the meaning of 29 U.S.C. § 630(b).

**GENERAL ALLEGATIONS**

15. Plaintiff began working for Metro Fitness in 2009 as an assistant sales manager.

16. In early 2011, Metro Fitness tabbed Plaintiff to be on the pre-sales team for a new fitness club that they were set to open.

17. Plaintiff excelled in this position and shortly thereafter, in 2011, Plaintiff was named Metro Fitness's General Manager for the company's South East Club.

18. As General Manager, Plaintiff received regular praise from the Director of Operations.

19. As General Manager, Plaintiff's South East Club was Defendant's highest ranked club in terms of sales and as such he regularly received bonuses for his stellar work.

20. In 2012, Metro Fitness hired Scott Elliot as their new Director of Operations.

21. In 2012, shortly after Elliot was hired, Elliot approached Plaintiff and asked Mr.

Lopez his age.

22. After Lopez indicated to Elliot his age (43 years old), Elliot told Plaintiff "this club needs younger people to bring energy to our gym, you're older and need to be in a different position."

23. During the same meeting, Elliot also ordered Plaintiff to dye his hair so that he would appear younger.

24. Shortly after this meeting, in the summer of 2012, Elliot demoted Plaintiff to an assistant general manager position.

25. Defendant then promoted Chris Pearson, an individual substantially younger than Plaintiff, and with no experience, to Plaintiff's former position of general manager.

26. Once this demotion occurred, Plaintiff filed his initial charge with the EEOC in August of 2012.

27. Once Plaintiff filed his initial charge of discrimination, the circumstances surrounding Plaintiff's employment became excessively worse.

28. On September 1, 2012, Pearson told Plaintiff "Ron, when you come in tomorrow we have to discuss an issue, Scott and I feel that your age is causing a down fall in sales."

29. In December of 2012, the owner of Metro Fitness, Ed Nissan approached Plaintiff and admonished him for contacting the EEOC rather than bringing the complaint to Nissan instead.

30. Shortly after the December reprimand from Nissan, Defendant demoted Plaintiff again, this time to a fitness counselor position.

31. Following the second demotion, Plaintiff filed a second charge with the EEOC

alleging retaliation based on his age discrimination complaint he made prior.

32. Plaintiff was hopeful that after filing a second charge with the EEOC, the issues surrounding his employment would be resolved, but instead, they only got worse.

33. On April 1, 2013, Plaintiff filed his rebuttal paperwork with the EEOC, rebutting many of the issues the Defendant raised in their position statement they filed with the Commission.

34. Two days later, on April 3, 2013 Defendant terminated Plaintiff.

35. On August 19, 2015, after multiple years of investigating Plaintiff's claims, the EEOC released its determination in regards to Plaintiff's first charge filed, the EEOC found the following:

    a. "Charging Party alleged that he was discriminated against in violation of the ADEA when Respondent demoted him from General Manager to Assistant General Manager."

    b. "Charging Party is a member of the protected age group and was 43 at the time of his demotion. Charging Party was replaced by an individual outside of the protected age group."

    c. "I have considered all the evidence obtained during the investigation and find that there is reasonable cause to believe that Respondent violated the ADEA when it demoted Charging Party based upon his age."

**Exhaustion of Administrative Remedies**

36. On August 27, 2012, Plaintiff timely filed his initial charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), charge No. 540-2012-03231, alleging, *inter alia*, age discrimination and retaliation.

37. On, January 21, 2013, Plaintiff timely filed his second charge of discrimination and retaliation with the EEOC, charge No. 540-2013-00831.

38. Plaintiff has brought this lawsuit within ninety days of receiving a Notice of Right to Sue on his second charge of discrimination, which was issued on September 4, 2015.

**COUNT ONE**
**ADEA-Discrimination**
**(Violation of 29 U.S.C. § 621 *et seq.*)**

39. Plaintiff incorporates and adopts paragraphs 1 through 38 above as if fully set forth herein.

40. 29 U.S.C. § 623 states, in part:

(a) **Employer Practices.** It shall be unlawful for an employer --
(1) to fail or refuse to hire or to discharge any individual o otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . .

(d) **Opposition to unlawful practices; participation in investigations, proceedings, or litigation.** It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

41. Plaintiff was and is a protected individual under the ADEA within the meaning of 29 U.S.C. § 631(a).

42. Defendant violated the ADEA by discriminating against Plaintiff with respect to the terms and conditions of his employment and by terminating Plaintiff because of his age.

43. As a result of this violation of the ADEA by Defendant, Plaintiff is an "aggrieved person" within the meaning of § 626 of the Act and has suffered damage for which he is entitled to legal and to equitable relief as provided in the Act, 29 U.S.C. § 626(b) and (c) and under the FLSA, 29 U.S.C. § 216.

44. As a result of the foregoing, Plaintiff is entitled to legal and equitable relief including compensatory damages sufficient to make Plaintiff whole for all losses suffered as a result of Defendant's unlawful discrimination, liquidated damages and to restore to his all seniority, pension and other benefits he would have had but for the unlawful discrimination is necessary and appropriate relief and will effectuate the purposes of the ADEA.

45. Upon information and belief, Defendant's violation of the ADEA was willful so as to subject Defendant to liability for liquidated damages under 29 U.S.C. § 626(b) and 29 U.S.C. § 216 in an amount equal to Plaintiff's monetary damages.

46. By virtue of one, more or all of the foregoing violations of the ADEA as alleged above, Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

47. By virtue of one, or all of the foregoing violations of the ADEA as alleged above, Plaintiff has been damaged and suffered economic harm in the form of, but not limited

to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which he is entitled to recover from Defendant plus pre-judgment interest, attorneys' fees and costs.

48.     The actions of Defendant were done in reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to recover punitive damages and exemplary damages.

## COUNT ONE
## RETALIATION DISCRIMINATION IN VIOLATION OF THE ADEA

49.     Plaintiff incorporates and adopts paragraphs 1 through 48 above as if fully set forth herein.

50.     The acts, policies and practices of Defendants, as alleged herein above, violate the ADEA's retaliation discrimination provisions.

51.     Defendant willfully and intentionally discriminated against Plaintiff, as alleged hereinabove, on the basis of reprisals for her complaints about, and opposition to, Defendant's discrimination against Plaintiff on the basis of his age, and Defendant's failure to enforce discrimination and harassment policies.

52.     Defendant has also maintained a pattern and practice of retaliation discrimination and, by the use of facially neutral employment practices and on other occasions, by the use of excessively subjective standards for selection of those to be promoted, demoted, discharged or disciplined, caused adverse and discriminatory impact upon older employees, including Plaintiff.

53.     Plaintiff is damaged by Defendant's violations of Title VII and the ADEA and

has sustained mental and emotional distress, damage to his reputation and such other damages as proven at trial

### COUNT THREE
### Declaratory Judgment

54. Plaintiffs incorporate and adopt paragraphs 1 through 53 above as if fully set forth herein.

55. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

56. Plaintiff may obtain declaratory relief.

57. Defendant employed Plaintiff.

58. Defendant is an enterprise covered by the ADEA.

59. Plaintiff is individually covered by the ADEA.

60. Plaintiff was discriminated against by Defendant because of his age, in violation of 29 U.S.C. § 621 et seq.

61. Plaintiff is entitled to an equal amount of liquidated damages as Defendant's violation of the ADEA was willful.

62. Defendant did not rely on a good faith defense in its failure to abide by the provisions of the ADEA.

63. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the ADEA.

64. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff prays for a judgment against the Defendants:

A. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202 that Defendant violated the ADEA by discriminating against Plaintiff because of his age;

B. Ordering Defendant to make Plaintiff whole for all losses he has suffered as a result of the unlawful discrimination and in order to effectuate the purposes of the ADEA;

C. Awarding liquidated damages in an amount equal to Plaintiff's monetary damages in favor of Plaintiff against Defendant pursuant to 29 U.S.C. § 626 (b).

D. Awarding pre-judgment interest to Plaintiff on all lost wages and other monetary damages.

E. Awarding Plaintiff's attorneys' fees and the costs of the action against Defendant pursuant to 29 U.S.C. § 216(b) and 626(b).

F. Granting Plaintiff such other and further relief as the court deems just and proper.

## **DAMAGES**

65. As a direct and proximate result of the breach of Plaintiff's rights in each of the above mentioned claims for relief, Plaintiff sustained and continues to sustain economic and non-economic injuries including, but not limited to, loss of income, benefits, mental anguish and emotional distress. Plaintiff is entitled to compensation for the harm and damages resulting from the Defendant's unlawful acts.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

A. A declaration that Defendant has violated the ADEA;

B. Preliminary and permanent injunctive relief against Defendant ordering Plaintiff's immediate reinstatement with all seniority, benefits, and back-pay; or in the alternative, providing Plaintiff with compensation and benefits he otherwise would have enjoyed through employment;

C. An award against Defendant for compensation for lost and future wages and benefits, including pre and post judgment interest;

D. An award against Defendant for all economic and non-economic damages;

E. Special damages to be proven at trial;

F. Punitive and exemplary damages to be proven at trial;

G. Pre-judgment and post-judgment interest;

H. An award of attorneys' fees and costs pursuant to 29 U.S.C. §§ 216(b) and 626(b);

I. Awarding liquidated damages in an amount equal to Plaintiff's monetary damages in favor of Plaintiff against Defendant pursuant to 29 U.S.C. § 626 (b);

J. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:  November 24, 2015

Respectfully submitted,

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

/s/Trey Dayes
Trey Dayes
Sean Davis
Attorneys for Plaintiff